NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANCISCO VERA-LUNA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 14-73880

Agency No. A200-550-458

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019[**]

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Francisco Vera-Luna, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Vera-Luna does not make any arguments challenging the agency's dispositive conclusion that his asylum application was untimely and that he failed to establish any changed or extraordinary circumstances to merit an exception to the one-year filing deadline. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The agency did not err in finding that Vera-Luna failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *Delgado-Ortiz v. Holder*, 600 F.3d 1148,

1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" was overbroad and did not constitute a particular social group).

Substantial evidence supports the agency's determination that Vera-Luna failed to otherwise demonstrate a nexus between the harm he fears in Mexico and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Vera-Luna's withholding of removal claim fails.

In light of this disposition, we do not reach Vera-Luna's remaining contentions regarding the merits of his asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT relief because Vera-Luna failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**